UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11528-RGS

BARRY SPENCER

v.

JAMES BENDER, et al.

MEMORANDUM AND ORDER

April 29, 2010

STEARNS, D.J.

For the reasons stated below, the court (1) dismisses all counts of the Amended Complaint, except Counts Two and Six; and (2) denies the plaintiff's motion for appointment of counsel.

BACKGROUND AND DISCUSSION

On March 11, 2010, the court directed Barry Spencer to show cause why all counts of the Amended Complaint, except Counts Two and Six, should not be dismissed for failure to state a claim upon which relief may be granted. On April 12, 2010, Spencer responded to this show cause order. He filed a document in which he requests appointment of counsel, offers further factual allegations, and brings twelve additional claims for relief.

Show Cause Response Does Not Meet Requirements of An Amended Complaint

It appears to the court that, for the most part, Spencer is attempting to bring additional claims, rather than simply curing the problems the court identified in the show cause order. There is no clear correlation between what Spencer labels as "Claim for Relief ___" in the present document and the counts in the Amended Complaint with the

same number.  For example, Count One of the Amended Complaint concerns the alleged failure of certain defendants to have in place an effective system to review medical cases. In "Claim of Relief 1" of the show cause response (pp. 2-3), Spencer elaborates on his allegations in the Amended Complaint that inmates who work in the prison library are treated differently than inmates in other jobs.  In Count Seven of the Amended Complaint, Spencer alleges that the closure of a minimum security facility or facilities has resulted in unsanitary and unsafe conditions in medium security facilities.  In Claim for Relief 7 of the show cause response (pp. 5-6), Spencer complains that he was retaliated against for complaining that he was not able to take a shower after several days in lockdown.  In eight of the twelve claims in the show cause response, Spencer purports to bring claims against persons who were not identified as defendants in the Amended Complaint.

In other words, Spencer is essentially requiring the court – and the defendants – to piece together a new complaint by inserting factual allegations into various portions of the first Amended Complaint and to decide which new claims overlap with the counts of the first Amended Complaint.  Although the court affords pro se litigants latitude in pleading matters, the court will not stitch together a new complaint for Spencer.  It is the plaintiff's responsibility to bring all of his factual allegations and legal claims in a single, operative complaint.  See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (amended complaint supercedes the antecedent complaint, and the earlier complaint no longer performs any function).[1]  The confusing format in which Spencer introduces his new

---

[1]Because Spencer has already amended his complaint once as a matter of right, if he seeks to further amend the complaint, he must seek leave to do so in accordance with Fed. R. Civ. P. 15 and Local Rule 15.1.

allegations and claims also does not meet the requirement of Fed. R. Civ. P. 8 that the operative complaint set forth a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).

<u>Show Cause Response Improperly Joins Claims and Defendants</u>

Further, the newly-raised claims run afoul of the Federal Rules of Civil Procedure. Rule 18(a) of the Federal Rules of Civil Procedure provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  However, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all."  7 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 1655 (3d ed. 2009).  As the Seventh Circuit has explained, Rule 18(a) permits multiple claims against a single party, but it does not permit the joinder of unrelated claims against different defendants.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  In <u>George</u>, a prisoner filed a "sprawling" complaint containing fifty claims against twenty-four defendants, in which he alleged a variety of unrelated misconduct by the defendants, including failure to provide adequate medical care, censoring his mail, and mishandling his parole.  The district court dismissed some claims upon a preliminary screening and the rest of the claims on summary judgment.  In upholding the dismissal of the claims and the grant of summary judgment, the Seventh Circuit cited Rule 18(a) and observed that the district court should have questioned the plaintiff's decision to join twenty-four defendants and fifty claims:

3

> Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).  George was trying not only to save money but also to dodge that rule.

Id.[2]

The Seventh Circuit also explained that Rule 20(a) of the Federal Rules of Civil Procedure precluded the plaintiff's "mishmash" complaint.  See id.  Rule 20(a) provides that persons may be joined as defendants in a single action if there "is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)(B).  The Seventh Circuit observed that the plaintiff "did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is 'common to all defendants.'"  George, 507 F.3d at 607.

Not unlike the complaint reviewed by the Seventh Circuit in George, Spencer's show cause response contains many claims that are factually unrelated.  For example, he complains of being handcuffed too tightly after complaining of the lack of access to showers during a lockdown at MCI Concord, of harassment by different correction officers while he was under mental health watch at MCI Concord, and of the failure of a completely different set of defendants to pay Spencer adequately for preparing Halal meals at MCI

---

[2]The Seventh Circuit went so far as to conclude that a single frivolous claim in a multi-claim action counts as a "strike" for purposes of 28 U.S.C. § 1915(g) even if the same complaint also contains viable claims.  See id. at 607-08.

Shirley.   These claims and defendants are improperly joined, resulting in a "bloated"

lawsuit and evasion from the responsibility of multiple filing fees and from the risk of

multiple strikes under 28 U.S.C. § 1915(g).  See Barnett v. Norman, 2010 WL 1006525,

at *4 (E.D. Cal. Mar. 17, 2010) (dismissing inmate's claims that did not rise out of the same

transaction, occurrence or series of transactions as inmate's claim of excessive force,

noting that Rule 20(a)(2) prevents prisoners from circumventing the three strikes rule of

28 U.S.C. § 1915(g)).[3]

<u>Pleading Deficiencies</u>

Significantly, even if the court were to incorporate the claims set forth in the show

cause response with the Amended Complaint, many of Spencer's claims fail to state a

claim upon which relief may be granted.  In almost every claim Spencer alleges that the

misconduct of the defendants created "atypical" conditions resulting in an infringement

upon his right to due process.  It appears to the court that Spencer is trying to invoke the

language of Sandin v. Conner, 515 U.S. 472, 484 (1995), in which the Supreme Court held

that restrictive conditions of confinement do not implicate a liberty interest protected by the

due process clause unless the conditions "impose[] atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life."  Id. at 484.  The court is not,

however, required to credit Spencer's conclusion that a described deprivation is "atypical."

See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (in reviewing the sufficiency

---

[3]The court notes that Counts Two and Six of the Amended Complaint may not meet
the requirements of Fed. R. Civ. P. 18 and 20, because the claims are factually unrelated
and are against different defendants.  While the court will allow these two claims to go
forward as a single lawsuit, the court may later consider whether severing the claims is
appropriate.

of a claim, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986))). As the court explained in its March 11, 2010 Memorandum and Order, Spencer did not have liberty interests in avoiding placement in MCI Shirley or another medium security facility, in a particular classification, in prison employment, in a particular grievance procedure, in receiving a satisfactory response to a grievance, or in avoiding a disciplinary ticket.

Further, some of the prison conditions described by Spencer do not violate the Eighth Amendment's prohibition on "cruel and unusual punishments." U.S. Const. amend. VIII. As the court has already explained, this amendment proscribes only those conditions of confinement which deprive an inmate of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A violation of a state regulation concerning the size of cells is not a per se Eighth Amendment violation. Jeneski v. City of Worcester, 476 F.3d 14, 17 (1st Cir. 2007) ("[A] violation of state law is not by itself a constitutional violation."; see also Martinez v. Colon, 54 F.3d 980, 989 (1st Cir. 1995) ("It is established beyond peradventure that a state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation on which to erect a section 1983 claim."). An inmate's lack of privacy while using the toilet or shower also does not violate the Eighth or Fourth amendments. See Sanders v. Kingston, 53 Fed. Appx. 781, 784 (7th Cir. 2002) ("Because the need to watch prisoners closely is a

legitimate institutional concern, a prisoner is entitled to little if any privacy, even when using the bathroom or taking a shower.").[4]

Another recurring pleading deficiency in the show cause response, which the court already noted in reviewing the Amended Complaint, is that Spencer brings claims for violations of his constitutional rights against parties about whom Spencer has not made allegations of direct participation in the alleged violation.  See Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) ("[O]nly those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [in a § 1983 action].").  For example, in "Claim of Relief 7" of the show cause response (pp. 5-6), Spencer complains that Lieutenant Angelo T. Karabatsos retaliated against him for inquiring about the availability of showers after a lockdown at MCI Concord in August 2007.  Spencer brings the claim against four individuals ("Farley," Michael B. Sanoian, Migeule A. Archilla, Jr., and Gregory Poladian), but fails to allege that they were directly involved in the exchange between Karabatsos and Spencer.

In regards to Claim for Relief 13 of the show cause response (pp. 9-10), which concerns Spencer's access to his prison savings account and involuntary payment for medical expenses and haircuts, Spencer fails to state a claim for relief because he has not alleged that he is without a suitable state remedy.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (an official's unauthorized and unforeseen taking of property does not

---

[4]The court notes that some of the conditions at MCI Shirley described by Spencer on pages eight and nine of the Show Cause Complaint could serve as the basis for a claim under the Eighth Amendment.  To bring such a claim, however, Spencer would need to bring a separate action or seek to amend the complaint in the present action.  Any proposed amended complaint would have to comply with Fed. R. Civ. P. 18 and 20.

constitute a violation of the Due Process Clause "until and unless [the State] provides or refuses to provide a suitable postdeprivation remedy"); see also Parratt v. Taylor, 451 U.S. 527 (1981); Zinermon v. Burch, 494 U.S. 113, 125 (1990); Lowe v. Scott, 959 F.2d 323, 340 (1st Cir. 1992).

IV.   Appointment of Counsel

The court concludes that, at this point in the litigation, extraordinary circumstances do not exist that would warrant the appointment of counsel.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. Cir. 1991) (explaining that, to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights).

ORDER

Accordingly, for the reasons stated above:

1.      Counts One, Three, Four, Five, Seven, Eight, Nine, Ten and Eleven of the Amended Complaint are DISMISSED.

2.      The motion for appointment of counsel is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE