UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11528-RGS

BARRY H. SPENCER, JR.

v.

JAMES BENDER, ET AL

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS AND FOR A MORE DEFINITE STATEMENT

August 27, 2010

STEARNS, D. J.

On March 11, 2010, the court issued a Memorandum and Order in which it allowed plaintiff to proceed as to Counts II and VI of the Amended Complaint.[1] The court indicated that it would issue summons as to defendants Brewer, Flores, Nickl, Sabourin, Bender, Clark, the Department of Correction (DOC), MacEachern, Mitchell, and Pepe. The court ordered plaintiff to complete service within 120 days. See Mem. and Order of March 11, 2010, at 21. On March 12, 2010, summons were issued and mailed to plaintiff with forms and instructions for service pursuant to Local Rule 4.1. See Electronic Docket Entry, March 12, 2010.

Motions to Dismiss

On August 5, 2010, the DOC and Pepe filed a motion to dismiss based on plaintiff's failure to make service pursuant to Fed. R. Civ. P. 12(b)(5). On August 10, 2010, Brewer,

---

[1] In Count II, Spencer alleges that his Eighth Amendment right was violated by defendants' deliberate indifference to "his need for medical care for his hernia, deteriorated disk, and his knee problems and hands." Amend. Compl. at 26, ¶ 2. Count VI alleges that Spencer was denied access to religious materials and meals.

Sabourin, and the "unknown" University of Massachusetts Correctional Health Program (UMCH) staff followed suit, and also moved for dismissals for failure to make proper service.

Fed. R. Civ. P 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." If no good cause is shown, "the court has the discretion to dismiss without prejudice or to extend the time period." United States v. Tobins, 483 F. Supp. 2d 68, 77 (D. Mass. 2007), citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff's "[p]ro se status . . . is not automatically enough to constitute good cause for purposes of Fed.R.Civ.P. 4(m)." McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002).

The Local Rules are similar. Local Rule 4.1(A) directs parties that "[a]ny summons not returned with proof that it was served within . . . 120 days of the filing of the complaint is deemed to be unserved for the purpose of Fed.R.Civ.P. 4(m)." Section 4.1(B) reads, in relevant part, that "[c]ounsel and parties appearing pro se who seek to show good cause for the failure to make service within the 120 day period prescribed by Fed.R.Civ.P. 4(m) shall do so by filing a motion for enlargement of time under Fed.R.Civ.P. 6(b), together with a supporting affidavit. If on the tenth day following the expiration of the 120 day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process, without awaiting any further order of the court."

The docket indicates that no proof of service has been returned as to the moving defendants. Moreover, plaintiff has not responded to either motion to dismiss within the requisite fourteen-day opposition period, nor has he timely requested that the court extend the time period for service of the Amended Complaint. Therefore, the motions will be <u>ALLOWED</u> in part and the claims against the DOC, Pepe, Brewer, and Sabourin will be <u>DISMISSED</u>.

The same is not true, however, with regard to the unknown UMCH staff. The court notes that in its March 11, 2010 Memorandum and Order, it indicated that it would not issue summons for the unknown UMCH staff, because "Spencer does not know, or has not identified, the true identity of these parties. . . . If Spencer discovers the identities of the UMCH staff, . . . he may seek to further amend the complaint in accordance with Fed. R. Civ. P. 15." Mem. and Order of March 11, 2010, at 15. To date, Spencer has not indicated that he has discovered the identities of the unknown staff.

Before it allows Spencer to continue this lawsuit against the unknown staff, the court will require Spencer to state with specificity how any unknown staff member was deliberately indifferent to his medical needs, or denied him religious meals and materials. Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." If Spencer does not, by September 7, 2010, file a submission stating when any incidents involving unknown UMCH staff occurred, and providing the details as to what occurred, all claims against the unknown UMCH staff will be dismissed with prejudice.

<u>Motions for a More Definite Statement</u>

Defendants MacEachern, Flores, and Nickl have filed motions for a more definite

statement. They point out that the Amended Complaint contains 192 paragraphs, originally stating 11 counts and naming some 20 defendants. Fed. R. Civ. P. 12(e) provides that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

The court agrees with defendants that it is virtually impossible to decipher the Amended Complaint and to determine how these defendants are alleged to be liable under Counts II and VI. Accordingly, the motions for a more definite statement are ALLOWED. Spencer shall, by September 7, 2010, file a statement that identifies the specific conduct allegedly engaged in by MacEachern, Flores, and Nickl that either violated the Eighth Amendment (Count II), or denied him religious meals and materials (Count VI).

                                 SO ORDERED.

                                 /s/ Richard G. Stearns

                                 _____
                                 UNITED STATES DISTRICT JUDGE