UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11528-RGS

BARRY H. SPENCER, JR.

v.

JAMES BENDER, ET AL

ORDER OF DISMISSAL

September 16, 2010

STEARNS, D. J.

On August 27, 2010, the court issued a Memorandum and Order dismissing Spencer's claims against the Department of Correction, Pepe, Brewer, and Sabourin for failure to make service. The court additionally stated that, "if Spencer does not, by September 7, 2010, filed a submission stating when any incidents involving unknown UMCH staff occurred, and providing the details as to what occurred, all claims against unknown UMCH staff will be dismissed with prejudice." Memorandum and Order at 3. Finally, the court allowed the motion for a more definite statement filed by defendants MacEachern, Flores, and Nickl. The court instructed Spencer to identify specific conduct allegedly engaged in by those defendants that violated the Eighth Amendment or denied Spencer access to religious meals and materials. See id. at 4. A copy of the Memorandum and Order was mailed to Spencer at his last address of record (MCI Shirley) on the same date. See Clerk's electronic entry, dated August 27, 2010.

On September 3, 2010, the mail sent to Spencer was returned as undeliverable. The envelope indicated that Spencer had been released from MCI Shirley but had left no

forwarding address. Spencer has failed to comply with Local Rule 83.5.2(e), which provides that

> [e]ach attorney and each party appearing pro se is under a continuing duty to notify the clerk of any changes of address and telephone number. Notice under this rule shall be filed in every case. Any attorney or party appearing pro se who has not . . . provided the clerk with his current address in accordance with this rule shall not be entitled to notice.

Because Spencer has failed to comply with the Rules, and because he has failed to submit more definite statements as instructed by the court, the claims against unknown UMCH staff, MacEachern, Flores, and Nickl will be dismissed with prejudice.

In addition, on August 17, 2010, defendants Mitchell, Clarke, and Bender filed a motion to dismiss for Spencer's failure to allege that any of these defendants denied him access to religious materials or meals. Spencer has not opposed the motion. Accordingly, the motion will be granted and the claims against Mitchell, Clarke, and Bender will be dismissed with prejudice.

## ORDER

As all of the defendants who received service have been dismissed, the Clerk may now close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE